IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDY AROCHA,

       Plaintiff,                     No. CIV S-10-3255 EFB P

vs.

M.D. MCDONALD, et al.,

       Defendants.             ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

     Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 7. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

1

## II. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's December 2, 2010 complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed because it is clear from the complaint that plaintiff has not exhausted his administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new

claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

Plaintiff's complaint is dated December 2, 2010. In response to the question on the form civil rights complaint regarding whether he has completed the process of exhausting administrative remedies, plaintiff checked the "No" box, and provided the following explanation:

> 1. Complainant is seeking immediate protection from threats of sexual assault, and from continued violation of civil rights by defendant(s).
> 2. Complainant is not requires to first exhaust state remedies to obtain immediate protection through a preliminary injunction/protective order(s).
> 3. Complainant will amend this complaint under 42 U.S.C. § 1983 one the related appeals have been exhausted. See Exhibit(s) A and B.

Compl. § II. Exhibits A and B, attached to the complaint, are copies of inmate appeals submitted by plaintiff at the first level of review, on November 28, 2010, and November 29, 2010, respectively.

Plaintiff asserts that he was not required to exhaust his administrative remedies prior to initiating this action. As explained above, however, exhaustion is mandatory. *See Jones v. Felker*, No. Civ. S-08-0096 KJM EFB, 2011 U.S. Dist. LEXIS 13730, at *11-14 (E.D. Cal. Feb. 11, 2011). Given plaintiff's mistaken belief that he was not obligated to exhaust his administrative remedies, coupled with the unlikelihood of proper exhaustion given the close proximity between when he began the exhaustion process and when he filed the complaint, it

appears that plaintiff did not exhaust his administrative remedies prior to filing suit. Consequently, this action should be dismissed.[1] *See Wyatt*, 315 F.3d at 1120. Plaintiff is hereby informed that if he decides to file a new action, he should not include this case number on the new complaint. In addition, the new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this case.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

4